IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM M. RESLER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3023 |
| | ) | |
| v. | ) | |
| | ) | |
| TELEX COMMUNICATIONS, Inc., | ) | MEMORANDUM AND ORDER ON THE |
| | ) | DEFENDANT'S MOTION FOR |
| Defendant. | ) | SUMMARY JUDGMENT |
| | ) | |

On or about January 14, 2008, the plaintiff, William M. Resler, filed a complaint against the defendant, Telex Communications, Inc., in the District Court of Lancaster County, Nebraska. (See filing 1, ¶ 1; see also id., Ex. 2.) The complaint alleges that the defendant terminated the plaintiff in retaliation for his request for workers' compensation benefits (See generally id., Ex. 2.) The defendant removed the action to this court, (see filing 1), and filed a motion for summary judgment, (see filing 19). That motion is now before me.

There are several significant deficiencies in the documents submitted by the defendant in support of its motion for summary judgment. First, the defendant's evidentiary materials are not properly authenticated. See NECivR 7.1(a)(2)(C) ("Any documents filed with the index [of evidence] must be identified and authenticated by affidavit. The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, show affirmatively that the affiant is competent to testify to the matters stated therein, and identify the motion in connection with which the affidavit is filed."); Stuart v. General Motors Corp., 217 F.3d 621, 635 n.20 (8th Cir. 2000) ("To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of [Federal Rule of Civil Procedure] 56(e). Documents which do not meet those requirements cannot be considered."). The defendant's failure to authenticate its record, standing alone, provides sufficient grounds for denying the motion for summary judgment. See NECivR 7.1 ("[A] party who fails to observe the

requirements of this rule may be deemed to have abandoned in whole or in part that party's position on the pending motion.").[1]

Second, rather than listing all of the material facts in its "separate statement" as required by the local rules, see NECivR 56.1(a)(1), the defendant has scattered references to additional material facts throughout the "argument" section of its brief, (see, e.g., Def.'s Br., filing 19, Attach. 2, at 8.) Indeed, Defendant's Exhibit 6 is cited only in the argument section of the defendant's brief; no references to the exhibit appear in the statement of material facts. (See Def.'s Br. at 2-5, 8.) This practice renders it difficult for the court to identify all of the material facts and, perhaps more importantly, frustrates the plaintiff's ability to respond to each of the defendant's material facts as required by the local rules. See NECivR 56.1(b)(1).

Third, the defendant has failed to provide citations to exact locations in the record where support for many of its factual allegations may be found. (See, e.g., Def.'s Statement of Material Facts, filing 19, Attach. 2, ¶¶ 3, 8 (alleging, without citing supporting evidence, that performance evaluations were completed months before the reduction in force); id. ¶ 5 (alleging that "only" assemblers would be subject to the reduction in force while citing evidence stating merely that materials associates would not be subject to the reduction in force); id. ¶ 6 (alleging, without citing supporting evidence, that two Material Handlers were removed from a "list" and describing the contents of this "final list"); id. ¶ 8 (alleging, without citing supporting evidence, that Mr. Lyons did not know that there was going to be any RIF at the time he reviewed Mr. Resler."). See also id. ¶ 10 (citing Resler Dep., filing 19, Attach 3, Ex. 5, at 55:10-17).) This is contrary to the local rules and, like the defendant's failure to authenticate its record, is grounds for denying the defendant's motion. See NECivR 56.1(a)(2).

I find that in combination, the deficiencies in the defendant's filings are too severe to excuse. The defendant's motion for summary judgment must be denied.

---

[1] I note in passing that although the plaintiff rightly called attention to the lack of "foundation" for one of the defendant's exhibits, (see filing 22 at 3), it does not appear that the plaintiff's record has been authenticated as required by the local rules either, see NECivR 7.1(b)(2)(C) (imposing the same "identification and authentication" requirement on non-moving parties' evidentiary materials).

I note in passing that even if the deficiencies noted above could be set aside, genuine issues of material fact would remain to be resolved trial. See Fed. R. Civ. P. 56(c) ("[Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").

The parties agree that the plaintiff's retaliation claim must be analyzed using the McDonnell Douglas burden shifting framework. (See Def.'s Br., filing 19, Attach. 2, at 6; Pl.'s Br., filing 22 at 12.) See also, e.g., Riesen v. Irwin Indus. Tool Co., 717 N.W.3d 907, 913-15 (Neb. 2006) (citing, inter alia, McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). Under this framework, the plaintiff must first establish a prima facie case of retaliation. To do so, he "must show that he . . . participated in a protected activity, that the employer took an adverse employment action against him . . . , and that a causal connection existed between the protected activity and the adverse employment action." Riesen, 717 N.W.2d at 915. If the plaintiff establishes a prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the plaintiff's . . . discharge from employment." Id. at 914. If the defendant satisfies this burden, then the plaintiff must prove that the defendant's "stated reason was pretextual and not the true reason for the employer's decision." Id.

The defendant submits that the plaintiff cannot establish a prima facie case because there is no evidence of a causal link between the plaintiff's workers' compensation claim and his "selection for layoff." (Def.'s Br. at 7.) According to the defendant, the plaintiff was terminated not because he made a workers' compensation claim, but because the defendant implemented a reduction in force. More specifically, the defendant argues that seven employees were ultimately selected for layoff based on performance reviews conducted in 2006 and 2007, and the plaintiff's review scores ranked him fourth on the list of the "worst" performing employees. (Id. at 7-11.) The defendant adds that its reduction in force selection criteria serve as a legitimate, nondiscriminatory reason for terminating the plaintiff. (Id. at 11-12.) In response, however, the plaintiff has submitted evidence 1) showing that the plaintiff's department received a performance award shortly before the layoffs; 2) calling into question whether there was a valid reason for limiting the layoff selection criteria to two years of performance reviews instead of the

customary three years of reviews–which affected the plaintiff's susceptibility to selection for layoff; 3) indicating that the decision-maker knew shortly before the layoffs that the plaintiff was suffering from shoulder problems associated with a previous work-related injury; and 4) suggesting that the defendant failed to credit the plaintiff's broad range of experience in the facility despite the fact that such experience is described in the defendant's guidelines as one of the "first things" to evaluate in a reduction in force. The record, such as it is, must be viewed in a light favorable to the nonmoving party, e.g., Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970), and it seems to me that the plaintiff satisfied his burdens under the McDonnell Douglas framework: he has established a prima facie case of retaliation, and he has raised a genuine issue as to whether the defendant's proffered nondiscriminatory reason for terminating him is in fact a pretext for retaliation.

**IT IS ORDERED** that the defendant's motion for summary judgment, filing 19, is denied.

Dated October 14, 2008.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge